835 F.2d 876
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eugene WALKER, Plaintiff-Appellant,
v.
Edward W. MURRAY, Director, B.N. Vassar, Chairman, William
P. Rogers, Warden, John Taylor, Assistant Warden,
Tom Parlett, Assistant Warden, R.S.
Sanfilippo, Chief of Security,
Defendants-Appellees.
 No. 87-7674.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 29, 1987.
Decided Nov. 24, 1987.
 
 Eugene Walker, appellant pro se.
 Eric Karl Gould Fiske, Office of the Attorney General, for appellees.
 Before DONALD RUSSELL, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eugene Walker, a Virginia inmate proceeding pro se, appeals the order of the district court granting summary judgment to the defendants in Walker's suit filed pursuant to 42 U.S.C. Sec. 1983. In his complaint, Walker sought punitive and compensatory damages based on three claims:
 
 
 2
 (1) denial of medical treatment following an alleged assault by prison officers;
 
 
 3
 (2) denial of parole due to the allegedly unconstitutional consideration of the serious nature of Walker's criminal offense; and
 
 
 4
 (3) refusal to supply Walker with a bed board in response to Walker's complaints of an injured back.
 
 
 5
 Walker sought only monetary relief, not an immediate or speedier release from custody.
 
 
 6
 The district court granted summary judgment for the defendants as to claims (1) and (3), and dismissed claim (2) for failure to exhaust state remedies. We affirm the district court's grant of summary judgment relative claims (1) and (3) based on the district court's reasoning. Although we conclude that Walker was not required to exhaust state remedies relative to claim (2), we nevertheless affirm the district court's dismissal of that claim because it lacks merit.
 
 
 7
 Walker's claim concerning the constitutionality of the criteria used for parole determinations is properly construed as an action under 42 U.S.C. Sec. 1983. See Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir.1978); Franklin v. Shields, 569 F.2d 784, 791-93, 800 (4th Cir.1977) (en banc) (per curiam), cert. denied, 435 U.S. 1003 (1978). Walker's complaint sought monetary relief only, not an immediate or speedier release from confinement. He therefore attacked "something other than the fact or length of his confinement," Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), making exhaustion unnecessary.
 
 
 8
 The district court's erroneous dismissal of Walker's parole criteria claim for failure to exhaust does not, however, necessitate remand for an examination of the merits of the claim. This Court has already determined that "the heinous nature of the offense for which [the prisoner] stands incarcerated" is a constitutionally valid ground upon which to base a decision denying parole. Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir.1986). Therefore, we affirm the district court's dismissal of claim (2) because the claim lacks merit.
 
 
 9
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 10
 AFFIRMED.